## No. 427
### DEMARCO v. PAPPAS
In the Supreme Court of Ohio
Case No. 18473.   Dock. March 26, 1924
Case No. 18473

118.   AUTOMOBILES—Presumption that car driven by a chauffeur is being used on owner's business—Owner's liability for negligence.

This case is before the Supreme Court of Ohio upon a motion to certify the record. An action was brought by Gust Pappas against Louis Demarco to recover damages for personal injuries sustained by being struck by defendant's automobile in 1921. The automobile in question belonged to the defendant and was being operated by one Wetters, his chauffeur, at the time of the accident. The defendant was engaged in the restaurant business, and his automobile was, a part of each day, placed in service for hire. The plaintiff in his evidence showed that Wetters was a regular employed chauffeur and that he was driving the defendant's car at the time of the accident.

At the close of plaintiff's evidence to show that the chauffeur was engaged in the business of the owner at the time the accident occurred. This motion was overruled by the trial court. The defendant then offered evidence to show that the chauffeur had taken the car against the express orders of the defendant. The jury returned a verdict for the plaintiff in the sum of $12,000. Defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held that where an automobile is being operated by a regular

## OHIO SUPREME COURT—Continued

employed chauffeur it was being used in the bus.ness of the defendant The defendant prosecuted error. The chief issues presented for the Supreme Court were:

1. Does proof that an automobile owned by the defendant and operated by his regularly employed chauffeur raise a presumption that at the time it was being so operated it was being used in the business of the defendant?

2. To what extent is the owner of an automobile used in whole or in part for hire liable in damages to a third person injured by the negligent operation of the automobile while being driven by the regularly employed chauffeur of the owner but contrary to his express desire?

3. If the owner of an automobile instructs his regularly employed chauffeur not to drive his automobile after a certain hour at night, what effect, if any, have such instructions upon the liability of the owner of a third person injured by its negligent operation while in charge of the regularly employed chauffeur but after the hour fixed by the owner as the termination of the chauffeur's right or authority to operate the car?

4. To what extent shall the doctrine announced in White Oak Coal Co. v. Rixoux, 88 OS. 19, be applied to the facts of this case?

Attorneys—Day & Day. for Louis Demarco.